**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LUBA GONZALEZ, | Case No. 2:20-cv-02181-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| TRANSUNION LLC, | |
| Defendants. | |

This matter is before the Court on Defendant Transunion LLC's Motion for More Definite Statement (ECF No. 7), filed on December 7, 2020. Plaintiff filed a Response (ECF No. 9) on December 16, 2020. Defendant filed a Reply (ECF No. 13) on December 30, 2020. The Court finds this matter properly resolved without a hearing. LR 78-1.

**I.   BACKGROUND**

Defendant claims that Plaintiff filed her complaint in state court seeking damages for alleged unknown or unverified accounts on her credit file, which it removed to this Court on November 30, 2020 based on federal jurisdiction. (ECF No. 7). Defendant asks the Court to require Plaintiff to file a more definite statement as it argues her complaint is full of generalized and conclusory statements that are insufficient to put Defendant on notice of her claims. It contends that Plaintiff fails to make a single factual allegation against Defendant. Defendant highlights that Plaintiff does not identify what is allegedly inaccurate with the accounts and inquiries, if she alleged they are inaccurate, if she made a dispute, if the accounts are the subject of the dispute, and the outcome of Defendant's investigation into her dispute. As such, Defendant claims the basic pleading requirements of Rule 8 have not been met.

Plaintiff responds by providing what appear to be factual allegations addressing Defendant's arguments on the deficiencies in her complaint. (ECF No. 9). For example, she

1  alleges fourteen items are inaccurate, she has made four disputes to Defendant, and claims that
2  she has dispute letters.
3        Defendant replies that although pro se pleadings must be liberally construed, Plaintiff's
4  complaint is too vague and conclusory to enable Defendant to frame a responsive pleading. (ECF
5  No. 13). Further, Defendant underscores that Plaintiff fails to identify any specific conduct by
6  Defendant that fails to comply with a specific provision of the Fair Credit Reporting Act and does
7  not state which provision Defendant violated. Defendant argues that without specific factual
8  allegations or any legal framework for her claims, it cannot speculate what claims Plaintiff is
9  asserting in order to know which affirmative defenses to raise. It also claims that the detail
10 Defendant seeks cannot be obtained through discovery as it cannot even determine what facts
11 form the basis of any claim.

**II.     DISCUSSION**

13       Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim
14 showing that the pleader is entitled to relief." In addition, Federal Rule of Civil Procedure 12(e)
15 provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

19 Fed.R.Civ.P. 12(e).
20       A motion for more definite statement is disfavored. *See U.S. E.E.O.C. v.Alia Corp.*, 842
21 F.Supp.2d 1243, 1250 E.D. Cal. 2012); *C .B. v. Sonora School Dist.*, 691 F.Supp.2d 1170, 1191
22 E.D. Cal. 2010). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail."
23 *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev.1984). "Parties are expected to
24 use discovery, not the pleadings, to learn the specifics of the claims being asserted." *OneBeacon*
25 *Ins. Co. v. Probuilders Specialty Ins. Co.*, 2009 WL 2407705, *4 (D. Nev. Aug.3, 2009) (quoting
26 *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal.1994)). Thus, motions for a
27 more definite statement are disfavored and rarely granted. *See Millenium Drilling Co. v. Beverly*
28

*House—Meyers Revocable Trust*, 2013 WL 2152756, *2 (D. Nev. May 16, 2013) (quoting *Sagan*, 874 F.Supp. at 1077).

While the Court recognizes that motions for a more definite statement are not typically granted, it finds that relief appropriate in these circumstances. This is not the case where just some detail is lacking which could be explored in discovery. The Court's review of the Complaint reveals that it is not able to determine what claims Plaintiff is attempting to assert under the Fair Credit Reporting Act or what conduct of Transunion LLC is at issue. She needs to at least include what information she disputed, when she disputed it, how it was inaccurate, and how Defendant violated the Fair Credit Reporting Act.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Transunion LLC's Motion for More Definite Statement (ECF No. 7) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file a more definite statement pursuant to Rule 12(e) alleging at least what information she disputed, when she disputed, how it was inaccurate, and how Defendant violated the Fair Credit Reporting Act, to enable Defendant to reasonably prepare an answer. Such statement is due within 14 days.

DATED: January 26, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE